# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

ANNA D.,[1]

      Plaintiff,

v.

      Civil Action 2:22-cv-3685
      Magistrate Judge Chelsey M. Vascura

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

## OPINION AND ORDER

Plaintiff, Anna D. ("Plaintiff"), brings this action under 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for social security period of disability and disability insurance benefits. This matter is before the undersigned on Plaintiff's Statement of Errors (ECF No. 10), the Commissioner's Memorandum in Opposition (ECF No. 11), Plaintiff's Reply Memorandum (ECF No. 12), and the administrative record (ECF No. 7). For the reasons that follow, Plaintiff's Statement of Errors is **OVERRULED** and the Commissioner's decision is **AFFIRMED**.

### I.     BACKGROUND

Plaintiff protectively filed her application for Title II period of disability and disability insurance benefits on May 29, 2020, alleging that she became disabled on June 28, 2017. After Plaintiff's applications were denied at the initial and reconsideration levels, an administrative

---
[1] Pursuant to this Court's General Order 22-01, any opinion, order, judgment, or other disposition in Social Security cases shall refer to plaintiffs by their first names and last initials.

law judge ("ALJ") held a telephone hearing on November 8, 2021, and issued an unfavorable determination on December 28, 2021. That unfavorable determination became final on August 18, 2022, when the Appeals Council denied Plaintiff's request for review.

Plaintiff seeks judicial review of that final determination. Plaintiff asserts a single contention of error: that the ALJ failed to properly account for the opinions provided by the state agency psychologists. This contention of error lacks merit.

## II.  THE ALJ'S DECISION

On December 28, 2021, the ALJ issued a decision finding that Plaintiff was not disabled within the meaning of the Social Security Act. (R. 17–30.) At step one of the sequential evaluation process,[2] the ALJ found that Plaintiff had not engaged in substantially gainful activity since her alleged onset date of June 28, 2017. (*Id.* at 19.) At step two, the ALJ found that Plaintiff had the severe impairments of asthma, hypertension, degenerative joint disease of the right hand, obesity, depressive disorder, dysthymic disorder, anxiety disorder, and post-traumatic

---

[2] Social Security Regulations require ALJs to resolve a disability claim through a five-step sequential evaluation of the evidence. *See* 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step terminates the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), if fully considered, the sequential review considers and answers five questions:

1. Is the claimant engaged in substantial gainful activity?
2. Does the claimant suffer from one or more severe impairments?
3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1?
4. Considering the claimant's residual functional capacity, can the claimant perform his or her past relevant work?
5. Considering the claimant's age, education, past work experience, and residual functional capacity, can the claimant perform other work available in the national economy?

*See* 20 C.F.R. § 404.1520(a)(4); *see also Henley v. Astrue*, 573 F.3d 263, 264 (6th Cir. 2009); *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001).

stress disorder. (*Id.* at 20.) At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.* at 567–70.) The ALJ then set forth Plaintiff's residual functional capacity ("RFC")[3] as follows:

> [T]he claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) with the following additional limitations: lifting/carrying 10 pounds frequently and 20 pounds occasionally; sitting, standing and walking each up to 6 hours in an 8 hour workday; occasional climbing of ramps and stairs; no climbing of ladders, ropes and scaffolds; frequent balancing; occasional stooping, kneeling, crouching and crawling; frequent fingering and handling with the right upper extremity; avoid concentrated exposure to extreme heat, extreme cold, humidity, wetness and atmospheric conditions as defined in the SCO of the DOT; no exposure to unprotected heights or moving mechanical parts; no requirement to perform commercial driving as part of the job duties; unskilled simple, routine and repetitive tasks; unable to perform at a production rate pace (e.g., assembly line work) but can perform goal oriented work (e.g., office cleaner); occasional contact with coworkers and supervisors but no teamwork, tandem tasks, conflict resolution or over the shoulder supervision; retains the ability to receive simple instructions, ask simple questions and receive performance appraisals but lacking the ability to engage in more complex social interaction such as persuading other people or rendering advice; no contact with the public as part of the job duties; and occasional changes in an otherwise routine work setting explained in advance to allow time for adjustment to new expectations.

(*Id.* at 22–23.) The ALJ then relied on the hearing testimony of a Vocational Expert ("VE") at steps four and five to conclude that Plaintiff was not capable of performing her past relevant work, but that there are other jobs existing in significant numbers in the national economy that an individual with Plaintiff's age, education, work experience, and residual functional capacity could perform during the relevant period, such as routing clerk, marking clerk, or inspector. (*Id.* at 28–29.) The ALJ therefore concluded that Plaintiff was not disabled under the Social Security Act during the relevant period. (*Id.* at 30.)

---

[3] A claimant's RFC is an assessment of "the most [she] can still do despite [her] limitations." 20 C.F.R. § 404.1545(a)(1).

3

## III. STANDARD OF REVIEW

When reviewing a case under the Social Security Act, the Court "must affirm a decision by the Commissioner as long as it is supported by substantial evidence and was made pursuant to proper legal standards." *DeLong v. Comm'r of Soc. Sec.*, 748 F.3d 723, 726 (6th Cir. 2014) (cleaned up); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). While this standard "requires more than a mere scintilla of evidence, substantial evidence means only such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moats v. Comm'r of Soc. Sec.*, 42 F.4th 558, 561 (6th Cir. 2022) (cleaned up) (quoting *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019)).

Although the substantial evidence standard is deferential, it is not trivial. The Court must "examine[ ] the record as a whole and take[ ] into account whatever in the record fairly detracts from the weight" of the Commissioner's decision. *Golden Living Ctr.-Frankfort v. Sec'y Of Health And Hum. Servs.*, 656 F.3d 421, 425 (6th Cir. 2011) (citing *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)).

Nevertheless, where "substantial evidence supports the Secretary's determination, it is conclusive, even if substantial evidence also supports the opposite conclusion." *Emard v. Comm'r of Soc. Sec.*, 953 F.3d 844, 849 (6th Cir. 2020) (quoting *Crum v. Sullivan*, 921 F.2d 642, 644 (6th Cir. 1990)). Finally, even if the ALJ's decision meets the substantial evidence standard, "a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Rabbers v. Comm'r Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

## IV.  ANALYSIS

As previously noted, Plaintiff contends that remand is warranted because the ALJ's RFC failed to account for the limitations opined by the state agency psychologists. The Court finds that this contention of error lacks merit.

A claimant's RFC is an assessment of "the most [a claimant] can still do despite [her] limitations." 20 C.F.R. § 416.945(a)(1) (2012).  A claimant's RFC assessment must be based on all the relevant evidence in a his or her case file.  *Id*.  The governing regulations[4] describe five different categories of evidence: (1) objective medical evidence, (2) medical opinions, (3) other medical evidence, (4) evidence from nonmedical sources, and (5) prior administrative medical findings.  20 C.F.R. §§ 404.1513(a)(1)-(5); 416.913(a)(1)–(5).  When evaluating medical opinions, an ALJ is not required to "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative finding(s) including those from [the claimant's] medical sources." 20 C.F.R. §§ 404.1520c(a); 416.920c(a).  Instead, an ALJ must use the following factors when considering medical opinions: (1) "[s]upportability"; (2) "[c]onsistency"; (3) "[r]elationship with the claimant"; (4) "[s]pecialization"; and (5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of [the SSA's] disability program's policies and evidentiary requirements."  §§ 404.1520c(c)(1)–(5); 416.920c(c)(1)–(5).  Although there are five factors, supportability and consistency are the most important, and the ALJ must explain how they were considered.  §§ 404.1520c(b)(2); 416.920c(b)(2).  And although an ALJ may discuss how he or she evaluated the other factors, he or she is not generally required to do so.  *Id*.  If, however, an

---

[4] Plaintiff's application was filed after March 27, 2017.  Therefore, it is governed by revised regulations redefining how evidence is categorized and evaluated when an RFC is assessed.  *See* 20 C.F.R. §§ 404.1513(a), 404.1520c, 416.913(a), 416.920c (2017).

ALJ "find[s] that two or more medical opinions . . . about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same, [the ALJ must] articulate how [he or she] considered the other most persuasive factors . . . ." §§ 404.1520c(b)(3); 416.920c(b)(3).

Here, the state agency psychologists at both the initial and reconsideration level provided the same opinions as to Plaintiff's mental limitations:

> Clmt can maintain concentration, persistence, and pace to complete routine short cycle work tasks not requiring her to sustain consistent close attention to detail nor consistent fast pace, in a solitary setting with flexible attendance and punctuality standards. Clt can make simple decisions but would not be expected to be able to solve complex problems nor to independently manage competing task demands.
>
> Clmt can interact on a limited, brief and superficial basis with supervisors, coworkers, and the general public.
>
> Claimant can adapt within a set routine where major changes are infrequent, explained in a advance and gradually implemented to allow the claimant time to adjust to the new expectations. The claimant's ability to handle routine stress and pressure in the work place would be reduced but adequate to handle tasks without strict time limitations or high production standards.

(R. 75, 85–86.) After reciting these limitations, the ALJ included the following discussion of the state agency psychologists' opinions:

> The undersigned finds this opinion minimally persuasive. First, the limitation to "routine short cycle work tasks" is more consistent with a moderate limitation in understanding, remembering and applying information. Additionally, there is absolutely no support in the record for the need for a solitary setting with flexible attendance and the term "flexible" is not a vocationally relevant term. The limitations of no teamwork or tandem tasks and no over-the-shoulder supervision included in the above residual functional capacity adequately provide for limited contact with others in a work setting.

(R. 28.) The ALJ's mental RFC ultimately included numerous mental limitations, including several qualitative limitations on Plaintiff's interactions with others:

> unskilled simple, routine and repetitive tasks; unable to perform at a production rate pace (e.g., assembly line work) but can perform goal oriented work (e.g., office cleaner); occasional contact with coworkers and supervisors but no teamwork,

6

> tandem tasks, conflict resolution or over the shoulder supervision; retains the ability to receive simple instructions, ask simple questions and receive performance appraisals but lacking the ability to engage in more complex social interaction such as persuading other people or rendering advice; no contact with the public as part of the job duties; and occasional changes in an otherwise routine work setting explained in advance to allow time for adjustment to new expectations.

(R. 22–23.)

Plaintiff contends that the RFC does not account for all of the state agency psychologists' opined limitations and that the ALJ's discussion of those opinions does not sufficiently explain her departure from those opined limitations. Specifically, Plaintiff objects to the ALJ's omission of a limitation to "routine short cycle work tasks" and "superficial" interactions with others. (Pls.' Statement of Errors 8–9, ECF No. 10.) As to "routine short cycle work tasks," the RFC expressly includes a limitation to "routine" tasks, and "short cycle" work tasks have been defined in the Social Security context to mean those that are "simple and repetitive." *See Trinity J. v. Comm'r of Soc. Sec.*, No. 1:20-CV-644, 2022 WL 109344, at *10 (S.D. Ohio Jan. 12, 2022); *Diloreto v. Comm'r of Soc. Sec.*, No. 2:20-CV-2385, 2021 WL 2024590, at *6 (S.D. Ohio May 21, 2021), *report and recommendation adopted*, 2021 WL 2334268 (S.D. Ohio June 8, 2021). Accordingly, the RFC's limitation to "simple, routine and repetitive tasks" fully accommodates the state agency psychologists' limitation to "routine short cycle work tasks."

The Court similarly finds that that the ALJ's numerous qualitative limitations on Plaintiff's interactions with others fully accommodate the state agency psychologists' limitation to "superficial" interaction with coworkers, supervisors, and the general public. First, the ALJ limited Plaintiff to "no contact with the public," thereby adopting an even more restrictive limitation with respect to the public. As to coworkers and supervisors, the ALJ limited Plaintiff to "no teamwork, tandem tasks, conflict resolution or over the shoulder supervision"; to "receiv[ing] simple instructions, ask[ing] simple questions and receiv[ing] performance

7

appraisals"; and no "complex social interaction such as persuading other people or rendering advice."

Plaintiff criticizes the ALJ for failure to expressly include the word "superficial" in the RFC without explaining her departure from that word. But Plaintiff does not explain how, in substance, the ALJ actually departed from a "superficial" limitation. The Court is hard-pressed to imagine any non-superficial interactions that a person with this RFC could engage in and Plaintiff posits none.

Plaintiff further relies on a Notice of Order of Appeals Council Remanding Case to Administrative Law Judge that was issued in another case following remand by the District Court for the Northern District of Ohio (*Paul K. v. Comm'r Soc. Sec.*, Case No. 3:21-cv-2351). That Notice states that, in *Paul K.*, the ALJ found persuasive the opinion of a state agency psychologist that limited the claimant to "no more than occasional, superficial interaction with others," yet rejected any limitation to "superficial" or equivalent interactions because "superficial" is "not a vocationally proper term." (Notice, ECF No. 10-1, PAGEID #889.) The Appeals Council disagreed, stating that "'superficial interaction' is a term that is readily defined, understood and applicable to a work setting, as it speaks to the depth, kind and quality of social interactions, and indicates that the claimant could not have sustained more than shallow or cursory interactions with others, i.e., coworkers, the general public, and/or supervisors." (*Id.* at PAGEID #889–90.) Plaintiff insists that as a result of this statement by the Appeals Council in *Paul K.*, the ALJ in this case was required to adopt a limitation including the word "superficial." Even if the Appeals Council's Notice in *Paul K.* were binding on the ALJ in this case, Plaintiff again fails to explain how the ALJ's RFC departs from the Appeals Council's definition of "superficial." The ALJ's restrictions speak to the "depth, kind, and quality of social interactions"

with Plaintiff's coworkers and supervisors, and it is not obvious that those limitations would allow for "more than shallow or cursory interactions with others."

At bottom, Plaintiff's argument is that if a medical source opines that a claimant is limited to "superficial" interactions, an ALJ must either use the word "superficial" in the RFC or explain why he or she did not. But ALJs are required to explain their departure from a medical source's opinion only "if the RFC assessment conflicts with an opinion from a medical source." SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996). Here, the Court concludes that the RFC sufficiently accounts for the state agency psychologists' limitation to superficial interactions such that the ALJ was not required to explain why she did not parrot the "superficial" limitation verbatim. *See Reeves v. Comm'r of Soc. Sec. Admin.*, 618 F. App'x 267, 275 (6th Cir. 2015) ("Even where an ALJ provides 'great weight' to an opinion, there is no requirement that an ALJ adopt a state agency psychologist's opinions verbatim; nor is the ALJ required to adopt the state agency psychologist's limitations wholesale."); *Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 157 (6th Cir. 2009) ("Although the ALJ may not substitute his opinion for that of a physician, he is not required to recite the medical opinion of a physician verbatim in his residual functional capacity finding."). The Court therefore finds no error in the ALJ's RFC or her supporting explanation.

## V. DISPOSITION

In sum, from a review of the record as a whole, the Court concludes that substantial evidence supports the ALJ's decision denying benefits. For the foregoing reasons, the Court **OVERRULES** Plaintiff's Statement of Errors and **AFFIRMS** the Commissioner of Social Security's decision.

**IT IS SO ORDERED.**

                                              /s/ *Chelsey M. Vascura*
                                              CHELSEY M. VASCURA
                                              UNITED STATES MAGISTRATE JUDGE